# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

| | |
|---|---|
| TAMMY EWING, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| SARAH MOORE, LLOYD MOORE, ALABAMA CREDIT UNION ADMINISTRATION, an agency and subdivision of the STATE OF ALABAMA, STEVE NIX, JOEY HAND, LINDA CENCULA, CHARLES FAULKNER, GREG McCLELLAN, And GRETA WEBB-WILLIAMS, | 7:17-CV-_____ |
| | **PLAINTIFF DEMANDS A TRIAL BY JURY** |
| Defendants. | |

## COMPLAINT

### PREAMBLE

Plaintiff Tammy Ewing ("Ewing") brings this action over Defendants' sexual discrimination against her and Defendants' violations of her right to equal protection, to be free from discrimination against her based on her sex, and their retaliation against her based on her EEOC charge and asserting claims of sex discrimination.

Ewing brings her claims for sexual discrimination and retaliation against:

(a) Defendant Alabama Credit Union Administration ("ACUA"), an agency and subdivision of the executive branch of the State of Alabama, and Sarah Moore and Lloyd Moore as employers under Title VII of the Civil Rights Act of 1964, 42 U.S.C §§ 2000e et seq. ("Title VII"); 42 U.S. C. § 1983 ("§ 1983"), and the Fifth Amendment and Fourteenth Amendments to the Constitution of the United States;

1

(b)     All individual Defendants, for damages in the individual capacities, and for injunctive and other equitable relief in their official capacities as purported officials of the ACUA and the State of Alabama, under § 1983, and the Fifth Amendment and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

1. This Court has original federal question jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, Title VII, 42 U.S.C. §§ 2000e *et seq.*

## VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in this district (and in this division).

## PARTIES

3. Ewing is a female individual who was an employee of a credit union that ultimately became named, and is today named, Alabama One Credit Union (which was previously known by other names and is hereafter referenced as "Alabama One" or "the Credit Union").

4. The Alabama Credit Union Administration ("ACUA") is an agency and subdivision of the executive branch of the State of Alabama that purports to regulate State-chartered credit unions in Alabama.

5. Pursuant to her appointment by Alabama's former governor Robert Bentley, Defendant Sarah Moore became the Administrator of the ACUA.

6. Pursuant to their respective appointments by former Alabama governors, Steve Nix, Joey Hand, Linda Cencula, Charles Faulkner, Greg McClellan, and Greta-Webb-Williams became

members of the Board of the ACUA (hereafter all of these individuals may be referenced collectively as "the ACUA Board Member Defendants").

## FACTS

7. Ewing was a long-term employee of the Credit Union.

8. Ewing began her employment with the Credit Union in February, 1995 and remained employed at the Credit Union from then until her employment there was terminated on August 27, 2015.

9. On August 27, 2015, by and through vote of the ACUA Board Member Defendants, said Defendants "approved, authorized and directed the Administrator [Defendant Sarah Moore], ex parte and without notice, to appoint [the ACUA] as conservator and immediately take possession and control of the business and assets of the Credit Union."

10. And on that same day and by and through the same vote of the ACUA Board Member Defendants, it was further ordered to imposed a Conservatorship on the Credit Union, and a Conservatorship was so imposed on the Credit Union with the ACUA appointed "as the conservator of the Credit Union" and "authorized and directed to immediately take possession and control of the business and assets of the Credit Union and exercise all relevant statutory authority in connection therewith."

11. In the same Order of Conservatorship, the ACUA, by and through the same vote of the ACUA Board Member Defendants, "authorized and directed its Administrator" (Defendant Sarah Moore) "or [its] Assistant Administrator" (Defendant Lloyd Moore) "to act on behalf of the [ACUA] in its capacity as Conservator, and to exercise on behalf of the Conservator all relevant statutory authority in connection therewith" and further "ratified and approved" "any action by the

3

Administrator or any agent of the [ACUA] appointed by the Administrator or Assistant Administrator to effect the intent of" the Order of Conservatorship.

12. Such approval and ratification gives rise to liability of the ACUA and the ACUA Board Member Defendants on its and their own, respectively, for the unlawful actions and decisions of the ACUA's Administrator Sarah Moore and its Assistant Administrator Lloyd Moore done or made to affect the intent of the Order of Conservatorship.

### COUNT I - TITLE VII DISCRIMINATION
### ON THE BASIS OF SEX (EWING'S FEMALE GENDER)

13. Ewing asserts all allegations above and incorporates them by reference into this paragraph. This is not boilerplate, but for purposes of avoiding needless repetition.

14. By virtue of the Order of Conservatorship, the ACUA, as the Credit Union's Conservator, became Plaintiff's employer and the employer of all other employees of Alabama One.

15. In addition to, or pleading in the alternative to the allegations in paragraph 14 above, by virtue of her appointment to act for and on behalf of the ACUA as the Conservator of Alabama One, Defendant Sarah Moore became, or also became, Plaintiff's employer and the employer of all other employees of Alabama One.

16. In addition to, or pleading in the alternative to the allegations in paragraph 14 and 15 above, by virtue of his appointment to act for and on behalf of the ACUA as the Conservator of Alabama One, Defendant Lloyd Moore became, or also became, Plaintiff's employer and the employer of all other employees of Alabama One.

17. Defendant ACUA, its Administrator Defendant Sarah Moore and its Assistant Administrator Defendant Lloyd Moore claimed "[f]or so long as the Credit Union remain[ed] in

4

conservatorship, the Conservator [had] all powers of the members, the directors, the officers, and the committees of the credit union and be authorized to operate the Credit Union in its own name."

18. Among these claimed powers, was the claimed power of employment at the Credit Union, including the power to terminate the employment of employees at the Credit Union, which is a power Defendant ACUA exercised through its Administrator Defendant Sarah Moore and its Assistant Administrator Defendant Lloyd Moore.

19. As the employer of Ewing and all other employees of Alabama One, Defendant ACUA, in addition or in the alternative, Defendants Sarah Moore and/or Lloyd Moore, employed far more than 15 Credit Union employees at times pertinent this action and were employers subject to Title VII.

20. Without regard to the Conservatorship of the Credit Union, Defendant ACUA employed more than 15 employees at times pertinent this action and was an employer subject to Title VII.

21. Without regard to the Conservatorship of the Credit Union, Defendant ACUA employed more than 15 employees, directly and/or as a joint employer with the NCUA, and/or accounting firms, at times pertinent this action and was an employer subject to Title VII.

22. Without regard to the Conservatorship of the credit union, Defendant ACUA was an agency and subdivision of the executive branch of the State of Alabama, which employed far more than 15 employees at times pertinent this action and was an employer subject to Title VII.

23. By letter on Defendant ACUA's letterhead dated August 27, 2015, signed by Defendant Sarah Moore, and delivered by Defendant Lloyd Moore to Ewing on that date at the Credit Union, said Defendants terminated Ewing's employment with the Credit Union. (A copy of this letter is attached hereto as Exhibit A to Exhibit 1).

24.     As seen in the letter, Defendants gave no reason for terminating Ewing's employment.

25.     Defendants also did not verbally give Ewing any reason for terminating her employment.

**Exhaustion of Title VII's Administrative Remedies**

26.     Ewing satisfied all administrative prerequisites to maintaining this action under Title VII.

27.     Ewing timely filed her EEOC charge against Defendants ACUA and Sarah Moore and Lloyd Moore on February 19, 2016, a copy of which is attached hereto as Exhibit 1.

28.     Ewing timely files this action within 90 (ninety) days of her receipt of notice of her right to sue from the EEOC.  A copy of said notice is attached hereto as Exhibit 2.

29.     The termination of Ewing's employment with the Credit Union was based on sex (Ewing's gender).

30.     Defendants made sure they avoided ever stating any reason for firing Ewing.

31.     Defendants failed to state any reason for firing Ewing in the letter (Exhibit A to Exhibit 1) by which Defendants fired her.

32.     Defendants failed to state any reason for firing Ewing in their submissions to the EEOC in response to her EEOC charge (Exhibit 1).

33.     Defendants failed to state any reason for firing Ewing in any submission to Alabama's Dept. of Labor in response to Ewing's claim for unemployment compensation.

34.     Had Ewing been guilty of any misconduct in connection with her employment at the Credit Union, then the Credit Union was required and obligated to so notify Alabama's Dept. of Labor in response to Ewing's claim for unemployment compensation, but the Credit Union

6

under the Conservatorship and control of Defendants failed and did not notify Alabama's Dept. of Labor of any misconduct on Ewing's part.

35.   Ewing was not guilty of any misconduct.

36.   In his deposition in another lawsuit, Lloyd Moore testified Ewing was not guilty of any misconduct.

37.   Upon information and belief, prior to litigation Defendants did not give any reason for firing Ewing to anyone else.

38.   All of their avoiding of giving any reason for firing Ewing was because one of Defendants' real reasons for firing Ewing was Ewing's sex – her female gender.

39.   Defendant Lloyd Moore, who is male, determined which Credit Union employees would be fired immediately in connection with the imposition of the Conservatorship on August 27, 2015.

40.   Defendant Lloyd Moore made his recommendations of who should be fired to Defendant Sarah Moore, who adopted Lloyd Moore's recommendations and immediately fired the Credit Union employees whose immediate firings Lloyd Moore had recommended.

41.   The firing of Ewing was part of this process of Lloyd Moore recommending and Sarah Moore following and firing those Lloyd Moore recommended for immediate firing, and that process produced an immediate pattern and practice of the firing female employees from the Credit Union's upper management based on their sex – their female gender – and filling upper management positions at the Credit Union with male employees.

42.   Other than their gender, Defendants, and especially defendant Lloyd Moore had no reason to fire female employees from upper management instead of firing male employees from

7

upper management who were not fired but who remained employed at the Credit Union under the Conservatorship.

43. One reason Lloyd Moore recommended firing female employees and not male employees who were not fired, was his sexually discriminatory "good-old-boy" mentality.

44. The gender discrimination of which Ewing complains was intentional discrimination that caused damages to Ewing.

45. Wherefore, for their discrimination against her on the basis of her sex – her female gender – in violation of Title VII, Ewing demands judgment, separately and severally, against Defendants ACUA, Sarah Moore and Lloyd Moore for:

  a. awards of compensatory and punitive damages, in amounts to be determined by the jury;

  b. awards of back pay and benefits Ewing lost, in amounts to be determined by the jury;

  c. in lieu of reinstatement, an award of an amount of money equivalent to front pay and benefits for the years Ewing would have worked at the Credit Union until her retirement, in amounts to be determined by the jury; or an order reinstating Ewing to and restoring her employment at the Credit Union to what it would have been had she not been unlawfully fired;

  d. a declaratory judgment that Defendants discriminated against Ewing by firing her from her employment at the Credit Union on the basis of sex – her female gender – in violation of Title VII;

  e. a permanent injunction enjoining Defendants, and those acting in concert with Defendants, from ever discriminating against Ewing again in violation of Title VII;

    f.    an award of Ewing reasonable attorneys' fees and expenses; and

    g.    any other additional relief to Ewing the Court deems just and equitable.

## COUNT II – TITLE VII: RETALIATION

46. Ewing re-asserts all allegations above and incorporates them by reference into this paragraph. This is not boilerplate, but for purposes of avoiding needless repetition.

47. Under settled law, Ewing is not required to exhaust any administrative remedies to bring this action for retaliation in violation of Title VII based on her previous EEOC charge.

48. In retaliation for Ewing filing and proceeding with her EEOC charge and claims of sex discrimination against them, Defendants ACUA, Sarah Moore and Lloyd Moore caused the removal of Ewing as a member of the Credit Union.

49. That was intentional retaliation on the part of said Defendants, and it was one "but for" cause of the removal of Ewing as a member of the Credit Union.

50. Said removal was an adverse action suffered by Ewing that caused damages to Ewing, for which Ewing demands judgment, separately and severally, against Defendants ACUA, Sarah Moore and Lloyd Moore for:

    a.    awards of compensatory and punitive damages against them, in amounts to be determined by the jury;

    b.    an award of back benefits of membership in the Credit Union Ewing lost;

    c.    an order reinstating Ewing to and restoring her membership in the Credit Union;

    d.    a declaratory judgment that Defendants retaliated against Ewing by causing her removal from membership in the Credit Union based on retaliation in violation of Title VII;

    e.      a permanent injunction enjoining Defendants, and those acting in concert with them, from ever retaliating against Ewing again in violation of Title VII;

    f.      an award of Ewing's reasonable attorneys' fees and expenses; and

    g.      any other additional relief to Ewing the Court deems just and equitable.

### COUNT III – SECTION 1983: DISCRIMINATION ON THE BASIS OF SEX (EWING'S FEMALE GENDER)

51.    Ewing re-asserts all allegations above in Count I and incorporates them by reference into this paragraph. This is not boilerplate, but for purposes of avoiding needless repetition.

52.    Defendants ACUA, Sarah Moore and Lloyd Moore, acting under color of state law, deprived Ewing of equal protection and discriminated against her on the basis of sex – her female gender – by their actions described above, in violation of § 1983.

53.    The ACUA Board Member Defendants adopted and ratified ACUA's, Sarah Moore, and Lloyd Moore's conduct in violation of § 1983.

54.    Wherefore, for their discrimination against her on the basis of her sex – her female gender – in violation of § 1983, Ewing demands judgment, separately and severally, against all individual Defendants for:

    a.      awards of compensatory and punitive damages, against them in their individual capacities, in amounts to be determined by the jury;

    b.      awards of back pay and benefits Ewing lost, against them in their individual capacities, in amounts to be determined by the jury;

    c.      in lieu of reinstatement, an award of a sum of money equivalent to front pay and benefits for the years Ewing would have worked at the Credit Union until her retirement, against Defendants in their individual capacities, in amounts to be

        determined by the jury; or an order reinstating Ewing to and restoring her employment at the Credit Union to what it would have been had she not been unlawfully fired;

d.     a declaratory judgment that Defendants discriminated against Ewing by firing her from her employment at the Credit Union on the basis of sex – her female gender – in violation of § 1983;

e.     a permanent injunction enjoining Defendants, and those acting in concert with them, from ever discriminating against Ewing again in violation of § 1983;

f.     an award of Ewing reasonable attorneys' fees and expenses; and

g.     any other additional relief to Ewing the Court deems just and equitable.

### **COUNT IV – § 1983: RETALIATION**

55.     Ewing re-asserts all allegations above in Count I through III above and incorporates them by reference into this paragraph. This is not boilerplate, but for purposes of avoiding needless repetition.

56.     Defendants ACUA, Sarah Moore and Lloyd Moore, acting under color of state law, deprived Ewing of equal protection and retaliated against her on the basis of her complaints of sex discrimination– by their actions described above in Count II (causing the removal of Ewing as a member of the Credit Union), in violation of § 1983.

57.     The ACUA Board Member Defendants adopted and ratified ACUA's, Sarah Moore, and Lloyd Moore's conduct in violation of § 1983.

58.     Wherefore, for their retaliation in violation of § 1983, Ewing demands judgment, separately and severally, against all individual Defendants for:

a. awards of compensatory and punitive damages, in amounts to be determined by the jury;

b. an award of back benefits of membership in the Credit Union Ewing lost;

c. an order reinstating Ewing to and restoring her membership in the Credit Union;

d. a declaratory judgment that Defendants retaliated against Ewing by causing her removal from membership in the Credit Union based on retaliation in violation of § 1983;

e. a permanent injunction enjoining Defendants, and those acting in concert with them, from ever retaliating against Ewing again in violation of § 1983;

f. an award of Ewing's reasonable attorneys' fees and expenses; and

g. any other additional relief to Ewing the Court deems just and equitable.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted this 8th day of May, 2017.

s/ *Barry V. Frederick*
Barry V. Frederick (FRE017)
Brandi B. Frederick (BRA121)
Attorneys for Plaintiff Tammy Ewing

**OF COUNSEL:**

THE FREDERICK FIRM
5409 Trace Ridge Lane
Birmingham, Alabama 35244
(205) 739-0043 phone
(205) 739-0044 fax
Barry@frederickfirm.net
www.frederickfirm.net

**Plaintiff will request service by Certified Mail in a separate filing for the following Defendants:**

Alabama Credit Union Administration
Sarah Moore
Lloyd Moore
Steve Nix
Joey Hand
Linda Cencula
Charles Faulkner
Greg McClellan
Greta-Webb-Williams