

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCIT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TAMMY EWING, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | 7:17-cv-00743-LSC | |
| ) | | |
| SARAH MOORE, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

MEMORANDUM OF OPINION

Before the Court is Defendants', Sarah Moore, Lloyd Moore, Alabama Credit Union Administration, Steve Nix, Joey Hand, Linda Cencula, Charles Faulkner, Greg McClellan, and Greta Webb-Williams (collectively "Defendants"), Motion to Disqualify Plaintiffs' Counsel. (Doc. 39.) The motion is fully briefed and ripe for review. For the reasons stated below, Defendant's Motion to Disqualify is due to be granted.

I.  BACKGROUND

Plaintiffs, Tammy Ewing ("Ewing"), Denise Crawford ("Crawford"), and Martie Patton ("Patton"), brought suit pursuant to Title VII and § 1983 against the Alabama Credit Union Administration ("ACUA") and the other defendants

for discrimination surrounding their terminations. Defendants seek to disqualify Barry Frederick ("Frederick") from representing the Plaintiffs in this action on account of his former representation of the Alabama One Credit Union ("AOCU" or "Alabama One"). Though no claims have been asserted against Alabama One, Defendants insist that Frederick provided representation, legal advice and consultation to Alabama One with respect to certain facts and circumstances that are relevant and material to this case.

II. STANDARD OF REVIEW

Motions to disqualify counsel are governed by the professional conduct codes of the state where the federal district court resides as well as by federal common law. *See Herrmann v. GutterGuard, Inc.*, 199 Fed. Appx. 745, 752 (11th Cir. 2006).[1] "Because a party is presumptively entitled to counsel of his choice, that right may be overridden only if compelling reasons exist." *Id.* (internal quotations omitted). Disqualification is a "harsh sanction," which courts should use "sparingly." *Id.* at 752 (quoting *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982)). The party advocating for disqualification "bears the burden of showing the grounds for disqualification." *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003) (citations omitted). The moving party must "show more

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

than the mere fact that as a result of a former representation, the attorney has knowledge of the moving party's practices and procedures . . . [and] must demonstrate that the attorney has knowledge of the particular practices and procedures which are the subject matter of [the] suit." *Herrmann*, 199 Fed. Appx. at 753 (internal citations omitted). Though there is a presumption that parties are entitled to their counsel of choice, the right to choose counsel is not absolute if it "interfere[s] with the orderly administration of justice." *Id.* at 955-56 (the right may be overridden if compelling reasons exist).

III. DISCUSSION

Alabama Rule of Professional Conduct 1.9 specifies the actions that counsel can take in regard to a former client. *See* Ala. Rules of Prof'l Conduct R. 1.9. Rule 1.9 specifically prohibits an attorney from representing "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after consultation." Ala. Rules of Prof'l Conduct R. 1.9(a). In order to succeed in their motion to disqualify, Defendants must first show that Alabama One Credit Union is Frederick's former client. Defendants must then show that the current matter is substantially related and materially adverse to Alabama One's

interests. Lastly, Defendants must show that Alabama One has either not consented or has inadequately consented to the current representation.

Defendants adequately satisfy the burden of showing that Alabama One is a former client[2] of Frederick. Frederick formerly served as outside labor and employment counsel for AOCU and was paid monthly until the relationship with Alabama One ended around the time it was conserved on August 27, 2015. (Doc. 39 at n.1) Because Alabama One no longer pays Frederick, and because Frederick no longer provides legal advice to Alabama One, it **is Frederick's former client**.

Defendants also adequately satisfy their burden of showing the current representation is the same or substantially related to the former representation and **that the current clients'** interests are materially adverse to the interests of the former client. When discerning if something **is "substantially related,"** focus **should rest on the "nature of [the] relationship between the present and former representations," concentrating on the "subject matters, issues, and causes of actions presented in the former representation."** *Herrmann*, 199 Fed. Appx. at 752-53. Here, Frederick provided significant advice to AOCU regarding investigations into sexual harassment claims that were made by Crawford against Darin Davidson (**"Davidson"**) during the time Frederick served as outside labor and employment

---

[2] In his Response, Frederick concedes that AOCU is his former client. (*See* Doc. 45 at 6.)

counsel for AOCU and was "on a monthly retainer." (Doc. 39 at 8-9.) Frederick also gave advice to AOCU regarding Whitney Oswalt's ("Oswalt") prior sexual harassment disclosures. (Doc. 45-2 at 2, Carruth Declaration.) Now, Frederick represents Crawford, who bases her two counts of retaliation on the same sexual harassment investigations and conduct underlying those investigations. (Doc. 39 at 9.) Crawford alleges Oswalt had a history of sexual harassment, which is directly related to Frederick's prior advice to AOCU concerning Oswalt. (*Id.*) Because both matters arise out of the same set of facts, and are simply a continuation of those facts, the matters are substantially related for purposes of Rule 1.9(a).

Additionally, the current clients' interests are materially adverse to the interests of the former client. Though Plaintiffs brought an action against the Alabama Credit Union Administration ("ACUA") rather than AOCU, representation by Frederick is still materially adverse to AOCU. Because of the way a conservatorship functions, ACUA as conservator takes over the entire operation of a company (here, Alabama One) and functions on behalf of that company. Thus, ACUA took over operation of Alabama One and ran it just as any employee of Alabama One would. For example, Alabama One, not ACUA, fired Ewing which shows that Alabama One rather than ACUA was active in its operation through the conservatorship at the time of Ewing's termination. (*See*

Doc. 51-1 at 8.) As of February 15, 2017, Alabama One was released "from conservatorship by the Administration" (ACUA). (Doc. 51-1 at 5.) Currently, Alabama One is spending considerable time, effort, and resources to defend against the claims brought by the Plaintiffs. (*Id.* at 2, Declaration of William C. Wells, current Alabama One CEO.) Alabama One had to retain attorneys to represent its interest. (*Id.*) Also, Alabama One's defending against the employment claims triggers its insurance coverage. (*Id.*) In sum, the current matter is both substantially related and adverse to the former client's matter and interests.

Lastly, Defendants must show that AOCU has not consented or has inadequately consented to the current representation. Though John Dee Carruth ("Carruth"), while acting as CEO of Alabama One, gave Frederick permission to use information gathered during the sexual harassment investigations as Frederick saw fit, Carruth's consent is inadequate to avoid a Rule 1.9(a) disqualification. (Doc. 45-2 at 2, 4.) The comments[3] to Rule 1.9 specify that a waiver is effective only if the attorney with the conflict discloses the circumstances of the suit to the former client and informs the former client of the attorney's intended role on behalf of the new client. Ala. Rules of Prof'l Conduct R. 1.9. Consequently, before Carruth could give consent, Frederick had to inform Carruth of the circumstances

---

[3] "A waiver is effective only if there is disclosure of the circumstances, including the lawyer's intended role in behalf of the new client." Ala. Rules of Prof'l Conduct R. 1.9, comment.

of the current suit as well as Frederick's role in the new attorney-client relationship. Carruth gave consent before the new suit was filed and before Tammy Ewing, Denise Crawford, and Martie Patton had become Frederick's clients. (Doc. 51 at 3.) Thus, his consent is invalid. After representation of the current Plaintiffs began, there is no evidence that Frederick sought any kind of consent from AOCU or disclosed the circumstances of the suit to anyone at Alabama One. (*See* Doc. 51-1 at 4.) Because Carruth gave consent too early for it to be effective, the Court finds that the consent is invalid, and a Rule 1.9 conflict still exists.[4]

An exception exists under Rule 1.9 which allows an attorney to use information against a former client if that information is generally known. *See* Ala. Rules of Prof'l Conduct R. 1.9(c).[5] Frederick procured information relevant to the current litigation via his role as counsel to AOCU concerning AOCU's internal investigations. Aside from the Plaintiffs possessing some of this information personally, no evidence has been presented that the information is generally known. (Doc. 45-2 at 2, 4.) This premise does not change even if Plaintiffs also

---

[4] Because Frederick is disqualified under 1.9(a), there is no need to address the other possible disqualifications advocated by Defendants.

[5] "A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
    (1) use information relating to the representation to the disadvantage of the former client except . . . when the information has become generally known; or
    (2) reveal information relating to the representation . . . ."
Ala. Rules of Prof'l Conduct R. 1.9(c).

knew the information, because internal investigation information is by its nature confidential.[6] As such, the information does not fall within the general knowledge exception, and Frederick's representation of Plaintiffs is still violative of Rule 1.9.

IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Disqualify Counsel is due to be GRANTED. Barry Frederick[7] cannot represent Plaintiffs without violating Rule 1.9 of the Alabama Rules of Professional Conduct. Plaintiffs must procure a different attorney to represent them for the remainder of the litigation. An Order consistent with this Memorandum of Opinion will be entered contemporaneously herewith.

---

[6] In his Response, Frederick focuses on whether or not the information he obtained was confidential. In one of its ethics opinions, the Alabama State Bar opined that :

> There is a presumption that a lawyer has gained confidential information in the prior representation of a client. That can be rebutted by the lawyer. There is also a presumption that if a lawyer possesses confidential information that he will potentially use it in a way adverse to the former client. In that sense, if the confidential information is in any possible way disadvantageous to the former client, the lawyer is disqualified.

Ala. State Bar Op., RO-94-13. The Court finds that Frederick failed in his attempt to rebut the presumption that the information he gained while representing Alabama One was not confidential. Additionally, Defendants have shown a number of ways in which the knowledge Frederick possesses as former counsel for Alabama One could be disadvantage to ACUA. As such, Frederick is disqualified.

[7] The Court declines to address whether Brandi Frederick's representation would violate the Alabama Rules of Professional Conduct because Brandi Frederick's Motion to Withdraw (doc. 46) was granted on Jan 31, 2018, making the motion to disqualify moot as it pertains to her.

DONE and ORDERED on April 19, 2018.

                                                       L. Scott Coogler
                                      United States District Judge

190685